### THE COURT OF COMMON PLEAS, CIVIL DIVISION
### CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JOHN DOE 9</u>
**Plaintiff**

V.

<u>BEREA CITY SCHOOL DISTRICT, ET AL</u>
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS  SUMC  CM

**Notice ID:** 48847201



| From: | JOHN DOE 9 | P1 |
|---|---|---|

| Atty.: | ZACHARY H FELDMAN |
|---|---|
| | 4230 STATE ROUTE 306, SUITE 240 |
| | WILLOUGHBY, OH 44094-0000 |

| To: | BEREA CITY SCHOOL DISTRICT | D1 |
|---|---|---|
| | 390 FAIR STREET | |
| | BEREA OH 44017 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>10/17/2022</u>

By_____
**Deputy**

CMSN130

**EXHIBIT A**



**UNITED STATES POSTAL SERVICE**

Date Produced: 10/24/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1706 03. Our records indicate that this item was delivered on 10/20/2022 at 07:19 a.m. in BEREA, OH 44017. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

EXHIBIT A

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JOHN DOE 9</u>
**Plaintiff**

**V.**

<u>BEREA CITY SCHOOL DISTRICT, ET AL</u>
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS  SUMC CM

**Notice ID:**  48847203



| From: | JOHN DOE 9 | P1 |
|---|---|---|

| Atty.: | ZACHARY H FELDMAN
4230 STATE ROUTE 306, SUITE 240
WILLOUGHBY, OH 44094-0000 |
|---|---|

| To: | TRACY WHEELER | D3 |
| | INDIVIDUALLY AND AS AN AGENT OF BEREA | |
| | CITY SCHOOL DISTRICT | |
| | 390 FAIR STREET | |
| | BEREA OH 44017 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>10/17/2022</u>

**By**_____
**Deputy**

CMSN130

**EXHIBIT A**


# UNITED STATES
## POSTAL SERVICE.

Date Produced: 10/24/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1706 27. Our records indicate that this item was delivered on 10/20/2022 at 07:19 a.m. in BEREA, OH 44017. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

CV2297003414848472203  MUELLER/TRACY 12822 CV22970034
Customer Reference Number:  CV22970034
Sent To:  390 FAIR STREET  BEREA, OH 44017

EXHIBIT A

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

JOHN DOE 9
**Plaintiff**

V.

BEREA CITY SCHOOL DISTRICT, ET AL
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS    SUMC  CM

**Notice ID:** 48847204



| From:   JOHN DOE 9 | P1 |
|---|---|

| Atty.:   ZACHARY H FELDMAN |
| 4230 STATE ROUTE 306, SUITE 240 |
| WILLOUGHBY, OH 44094-0000 |

| To:   JONATHAN HUNEK | D4 |
| INDIVIDUALLY AND AS AN AGENT OF BEREA | |
| CITY SCHOOL DISTRICT | |
| 3962 HILLTOP DR. | |
| BRUNSWICK OH 44212 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 10/17/2022

**By** _____
**Deputy**

CMSN130

**EXHIBIT A**



**UNITED STATES POSTAL SERVICE**

Date Produced: 10/24/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1706 34. Our records indicate that this item was delivered on 10/22/2022 at 11:38 a.m. in BRUNSWICK, OH 44212. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

3962 HILLTOP DR

BRUNSWICK, OH 44212-1818

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

CV22070034 R4884720L HUNER JONATHAN W 12022-CV22070034
Sent To:  3962 HILLTOP DR.  BRUNSWICK, OH 44212

**EXHIBIT A**

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

JOHN DOE 9
**Plaintiff**

**V.**

BEREA CITY SCHOOL DISTRICT, ET AL
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS  SUMC  CM

Notice ID:  48847209



| From:   JOHN DOE 9 | P1 |
| --- | --- |

Atty.:  ZACHARY H FELDMAN
4230 STATE ROUTE 306, SUITE 240
WILLOUGHBY, OH 44094-0000

To:   ADAM HOWARD                                        D9
INDIVIDUALLY AND AS AN AGENT OF BEREA
CITY SCHOOL DISTRICT
390 FAIR STREET
BEREA OH 44017

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>10/17/2022</u>

**By**_____
**Deputy**

CMSN130

**EXHIBIT A**

 **UNITED STATES POSTAL SERVICE**

Date Produced: 10/24/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1706 89. Our records indicate that this item was delivered on 10/20/2022 at 07:19 a.m. in BEREA, OH 44017. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: HOWABP/ADAM//2022-10-09-0034
Sent To:  390 FAIR STREET  BEREA, OH 44017

**EXHIBIT A**

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

JOHN DOE 9
**Plaintiff**

V.

BEREA CITY SCHOOL DISTRICT, ET AL
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS  SUMC CM

**Notice ID:** 48847214



| From: | JOHN DOE 9 | P1 |
|---|---|---|

| Atty.: | ZACHARY H FELDMAN |
|---|---|
| | 4230 STATE ROUTE 306, SUITE 240 |
| | WILLOUGHBY, OH 44094-0000 |

| To: | CASE WESTERN UNIVERSITY | D19 |
|---|---|---|
| | 10900 EUCLID AVE. | |
| | CLEVELAND OH 44106 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 10/17/2022

By_____
                                   **Deputy**

CMSN130

**EXHIBIT A**



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 10/24/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1707 40. Our records indicate that this item was delivered on 10/20/2022 at 01:08 p.m. in CLEVELAND, OH 44106. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

EXHIBIT A

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

JOHN DOE 9
**Plaintiff**

V.

BEREA CITY SCHOOL DISTRICT, ET AL
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS SUMC CM

Notice ID: 48847210



| From: JOHN DOE 9 | P1 |
|---|---|

| Atty.: ZACHARY H FELDMAN |
| 4230 STATE ROUTE 306, SUITE 240 |
| WILLOUGHBY, OH 44094-0000 |

| To: JON ADAMS | D10 |
| INDIVIDUALLY AND AS AN AGENT OF BEREA |
| CITY SCHOOL DISTRICT |
| 390 FAIR STREET |
| BEREA OH 44017 |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>10/17/2022</u>

**By** _____
**Deputy**

CMSN130

**EXHIBIT A**



**UNITED STATES POSTAL SERVICE**™

Date Produced: 10/24/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1706 96. Our records indicate that this item was delivered on 10/20/2022 at 07:19 a.m. in BEREA, OH 44017. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

EXHIBIT A

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JOHN DOE 9</u>
**Plaintiff**

V.

<u>BEREA CITY SCHOOL DISTRICT, ET AL</u>
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS   SUMC  CM

**Notice ID:** 48847212



| From: JOHN DOE 9 | P1 |
|---|---|

| Atty.: | ZACHARY H FELDMAN<br>4230 STATE ROUTE 306, SUITE 240<br>WILLOUGHBY, OH 44094-0000 |
|---|---|

| To: | BEREA-MIDPARK HIGH SCHOOL ATHLETIC  D12<br>BOOSTERS<br>165 EAST BAGLEY RD.<br>BEREA OH 44017 |
|---|---|

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>10/17/2022</u>

**By**_____
    **Deputy**

CMSN130

**EXHIBIT A**


**UNITED STATES**
**POSTAL SERVICE**™

Date Produced: 10/24/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1707 26. Our records indicate that this item was delivered on 10/20/2022 at 10:50 a.m. in BEREA, OH 44017. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :    **165 E BAGLEY RD BEREA, OH 44017**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

CV22970034 / 4184721 / RERE: MIDPARK HIGH SCHOOL ATHLETIC BOOSTERS / 2022-10-26 05:11
Sent To:  165 EAST BAGLEY RD.  BEREA, OH 44017

EXHIBIT A

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JOHN DOE 9</u>
**Plaintiff**

V.

<u>BEREA CITY SCHOOL DISTRICT, ET AL</u>
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS SUMC CM

**Notice ID:** 48847202



| From: JOHN DOE 9 | P1 |
|---|---|

| Atty.: ZACHARY H FELDMAN<br>4230 STATE ROUTE 306, SUITE 240<br>WILLOUGHBY, OH 44094-0000 | |
|---|---|

| To: BOARD OF EDUCATION OF THE BEREA<br>CITY SCHOOL DISTRICT<br>390 FAIR STREET<br>BEREA OH 44017 | D2 |
|---|---|

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>10/17/2022</u>

**By**_____
**Deputy**

CMSN130

**EXHIBIT A**

 **UNITED STATES POSTAL SERVICE**

Date Produced: 10/31/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1706 10. Our records indicate that this item was delivered on 10/24/2022 at 05:40 a.m. in BEREA, OH 44017. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number  CV22970054 / BOARD OF EDUCATION OF THE BEREA CITY SCHOOL DISTRICT / 2022-11-2 05:08
Sent To:  390 FAIR STREET  BEREA, OH 44017

**EXHIBIT A**

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JOHN DOE 9</u>
**Plaintiff**

V.

<u>BEREA CITY SCHOOL DISTRICT, ET AL</u>
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS  SUMC  CM

**Notice ID:** 48847207

| From:  JOHN DOE 9 | P1 |
|---|---|

| Atty.: | ZACHARY H FELDMAN |
|---|---|
| | 4230 STATE ROUTE 306, SUITE 240 |
| | WILLOUGHBY, OH 44094-0000 |

| To: | TODD SWISHER | D7 |
|---|---|---|
| | INDIVIDUALLY AND AS AN AGENT OF BEREA | |
| | CITY SCHOOL DISTRICT | |
| | 507 CRANSTON DR. | |
| | BEREA OH 44017 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>10/17/2022</u>

By_____
**Deputy**

CMSN130

**EXHIBIT A**


**UNITED STATES**
**POSTAL SERVICE**™

Date Produced: 10/31/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1706 65. Our records indicate that this item was delivered on 10/24/2022 at 02:41 p.m. in BEREA, OH 44017. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :         507 CRANSTON D
                              BEREA, OH 44017-2208

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: CV2297/0034 RWISHER/TODD/Case 1CV2297 0034
Sent To: 507 CRANSTON DR.  BEREA, OH 44017

**EXHIBIT A**

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JOHN DOE 9</u>
**Plaintiff**

V.

<u>BEREA CITY SCHOOL DISTRICT, ET AL</u>
**Defendant**

**CASE NO.** CV22970034

**JUDGE** SHERRIE MIDAY

# SUMMONS SUMC CM

**Notice ID:** 48847208



| From: JOHN DOE 9 | P1 |
| --- | --- |

Atty.: ZACHARY H FELDMAN
4230 STATE ROUTE 306, SUITE 240
WILLOUGHBY, OH 44094-0000

To: WILLIAM BOONE     D8
INDIVIDUALLY AND AS AN AGENT OF BEREA
CITY SCHOOL DISTRICT
287 BEELER DR.
BEREA OH 44017

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>10/17/2022</u>

**By** _____
                       **Deputy**

CMSN130

**EXHIBIT A**



**UNITED STATES POSTAL SERVICE**

Date Produced: 10/31/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 1706 72. Our records indicate that this item was delivered on 10/27/2022 at 04:10 p.m. in BEREA, OH 44017. The scanned image of the recipient information is provided below.

Signature of Recipient :

WILLIAM BOONE

Address of Recipient :

287 BEELER DR
BEREA, OH 44017-1438

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

CV2257034 R48847208 / BOONE, WILLIAM / 2022- CV229 70034
Sent To:  287 BEELER DR.  BEREA, OH 44017

EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**October 14, 2022 13:01**

By: MICHAEL J. FELDMAN 0039062

Confirmation Nbr. 2677267

JOHN DOE 9                                     CV 22 970034

vs.

BEREA CITY SCHOOL DISTRICT, ET AL        **Judge:**  SHERRIE MIDAY

**Pages Filed:**  27

**EXHIBIT A**

**IN THE COURT OF COMMON PLEAS**

**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| **JOHN DOE 9** | ) | **CASE NO:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **BEREA CITY SCHOOL DISTRICT** | ) | **JUDGE** |
| **390 Fair Street** | ) | |
| **Berea, Ohio 44017** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **BOARD OF EDUCATION OF THE BEREA** | ) | **COMPLAINT** |
| **CITY SCHOOL DISTRICT** | ) | |
| **390 Fair Street** | ) | |
| **Berea, Ohio 44017** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **TRACY WHEELER, Individually and as an** | ) | **JURY DEMAND ENDORSED** |
| **agent of Berea City School District** | ) | **HEREON** |
| **390 Fair Street** | ) | |
| **Berea, Ohio 44017** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **JONATHAN HUNEK, Individually and as an** | ) | |
| **agent of Berea City School District** | ) | |
| **3962 Hilltop Drive** | ) | |
| **Brunswick, Ohio 44212** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **GREGORY HANCHUK, Individually and as an** | ) | |
| **agent of Berea City School District** | ) | |
| **107 Sandstone Ridge Way** | ) | |
| **Berea, Ohio 44017** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **JAMES BYCZNSKI, Individually and as an** | ) | |
| **agent of Berea City School District** | ) | |

3

EXHIBIT A

| | |
|---|---|
| **136 Fifth Avenue**<br>**Berea, Ohio  44017**<br><br>**And**<br><br>**TODD SWISHER, Individually and as an agent**<br>**of Berea City School District**<br>**507 Cranston Drive**<br>**Berea, Ohio  44017**<br><br>**And**<br><br>**WILLIAM BOONE, Individually and as an**<br>**agent of Berea City School District**<br>**287 Beeler Drive**<br>**Berea, Ohio  44017**<br><br>**And**<br><br>**ADAM HOWARD, Individually and as an agent**<br>**of Berea City School District**<br>**390 Fair Street**<br>**Berea, Ohio 44017**<br><br>**And**<br><br>**JON ADAMS, Individually and as an agent of**<br>**Berea City School District**<br>**390 Fair Street**<br>**Berea, Ohio 44017**<br><br>**And**<br><br>**JOHN DOE 2, Individually and as an agent of**<br>**Berea City School District**<br>**390 Fair Street**<br>**Berea, Ohio 44017**<br><br>**And**<br><br>**BEREA-MIDPARK HIGH SCHOOL**<br>**ATHLETIC BOOSTERS**<br>**165 E. Bagley Road**<br>**Berea, Ohio 44017**<br><br>**And** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

4

| | |
|---|---|
| **JABRIEL WILLIAMS**<br>**Unknown**<br><br>**And**<br><br>**GABRIEL SANCHEZ**<br>**5822 Wengler Drive**<br>**Brook Park, Ohio 44142**<br><br>**And**<br><br>**JORGE MEDINA**<br>**Unknown**<br><br>**And**<br><br>**JAMES POLETTA**<br>**Unknown**<br><br>**And**<br><br>**JOHN DOE 3**<br>**Unknown**<br><br>**And**<br><br>**JOHN DOE 4**<br>**Unknown**<br><br>**And**<br><br>**CASE WESTERN UNIVERSITY**<br>**10900 Euclid Avenue**<br>**Cleveland, Ohio  44106**<br><br>     **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

   Plaintiff, John Doe 9 ("Plaintiff"), brings this action pseudonymously to protect highly personal and intimate information arising out of the childhood sexual victimization and other egregious conduct of the defendants described herein, including but not limited to violations of state and federal laws by Defendants, Berea City School District; the Board of Education of the Berea

5

EXHIBIT A

City School District; Tracy Wheeler individually and as an agent of the Berea City School District; Jonathan Hunek, individually and as an agent of Berea City School District; Gregory Hanchuk, individually and as an agent of Berea City School District; James Bycznski, individually and as an agent of Berea City School District; Todd Swisher, individually and as an agent of Berea City School District; William Boone, individually and as an agent of Berea City School District; Adam Howard, individually and as an agent of Berea City School District; Jon Adams, individually and as an agent of Berea City School District; John Doe, individually and as an agent of Berea City School District; Berea Midpark High School Athletic Boosters; Jabriel Williams; Gabriel Sanchez; Jorge Medina; James Poletta; John Doe 3; John Doe 4; and Case Western Reserve University (collectively "Defendants"), as follows:

### PARTIES

1.      Plaintiff John Doe 9 is a citizen of the State of Ohio currently residing in Cuyahoga County, Ohio.

2.      Defendant Berea City School District (the "District") is a school district organized and operating under the laws of the State of Ohio, with its principal place of business in Cuyahoga County, Ohio.

3.      Defendant Board of Education of the Berea City School District (the "Board") is a school board organized and operating under the laws of the State of Ohio, with its principal place of business in Cuyahoga County, Ohio.

4.      Defendant Tracy Wheeler ("Wheeler") is a resident of Cuyahoga County, Ohio, was an agent of the District and was the acting superintendent for the District at all times relevant hereto.

5.      Defendant Jonathan Hunek ("Hunek") is a resident of Medina County, Ohio, was an agent of the District and was head varsity football coach at Berea Midpark High School at all times relevant hereto.

6

EXHIBIT A

6.    Defendant Gregory Hanchuk ("Hanchuk") is a resident of Cuyahoga County, Ohio, was an agent of the District and was a football coach at Berea Midpark High School at all times relevant hereto.

7.    Defendant James Bycznski ("Bycznski") is a resident of Cuyahoga County, Ohio, was an agent of the District and was a football coach at Berea Midpark High School at all times relevant hereto.

8.    Defendant Todd Swisher ("Swisher") is a resident of Cuyahoga County, Ohio, was an agent of the District and was the Assistant Principal at Berea Midpark High School at all times relevant hereto.

9.    Defendant William Boone ("Boone") is a resident of Cuyahoga County, Ohio, was an agent of the District and was the Athletic Director for the District at all times relevant hereto.

10.    Defendant Adam Howard ("Howard") is a resident of Cuyahoga County, Ohio, was an agent of the District and was the District's Athletic Director at all times relevant hereto.

11.    Defendant Jon Adams ("Adams") is a resident of Cuyahoga County, Ohio, was an agent of the District and was the District's Assistant Athletic Director at all times relevant hereto.

12.    Defendant John Doe 2 ("John Doe 2"), was an agent of the District and was an assistant football coach at all times relevant hereto.

13.    Defendant Berea Midpark High School Athletic Boosters (the "Boosters") is a registered 501 (c)(3) non-profit association organized under the laws of the State of Ohio and conducts business in the Cuyahoga County.

14.    Defendant Jabriel Williams ("Williams") is believed to be a resident of Cuyahoga County, Ohio, and was a former teammate of Plaintiff.

15.    Defendant Gabriel Sanchez ("Sanchez") is a resident of Cuyahoga County, Ohio, and was a former teammate of Plaintiff.

16.    Defendant Jorge Medina ("Medina") is a resident of Cuyahoga County, Ohio, and was a former teammate of Plaintiff.

7

EXHIBIT A

17.     Defendant James Poletta ("Poletta") was a former teammate of Plaintiff.

18.     Defendant John Doe 3 ("John Doe 3") was a former teammate of Plaintiff.

19.     Defendant John Doe 4 ("John Doe 4") was a former teammate of Plaintiff.

20.     Defendant Case Western Reserve University ("CWRU") is a non-profit corporation organized under the laws of the State of Ohio and conducting business in Cuyahoga County.

21.     The acts described herein all occurred in Cuyahoga County, Ohio.

## **BACKGROUND**

22.     During the summer of 2019, and at all times relevant to this Complaint, Plaintiff was a student of the District and a member of the Berea Midpark High School football team. In mid-June 2019, Plaintiff attended the Berea Midpark High School Football Camp (the "Camp") at CWRU's facilities that was approved by the District, the Board, Wheeler, Howard and Adams; sponsored by the District and the Boosters; and required by the Berea Midpark High School Football Coaching Staff (the District, the Board, Wheeler, Howard, Adams, Hunek, Hanchuk, Bycznski, Swisher, Boone, John Doe 2, and the Boosters are collectively referred to herein as the "Berea Defendants").

23.     The Camp was sponsored by the Boosters.

24.     Attendees of the Camp made their checks out to the Boosters.

25.     The Boosters paid CWRU for use of its facilities and services on CWRU grounds.

26.     The Camp was planned by the Berea Defendants during the school year and during normal working hours using District resources.

27.     The Berea football program had a culture of inappropriate sexual references, with certain play action passes named after pornographic magazines, including but not limited to Playboy and Penthouse.

28.     The District and the Board were aware of issues with the culture of the football team prior to the events described herein.

8

EXHIBIT A

29.     The District and the Board knew that there was a problem with the team culture and noted in an evaluation of coach Hanchuk that they needed to change the weight room culture and expectations.

30.     The Berea Defendants will no doubt maintain the Camp was not required, but one or more of the defendants on the coaching staff (Defendants Hunek, Hanchuk, Bycznski, Swisher, Boone, and John Doe 2, are collectively referred to herein as the "Coaching Staff") explained that failure to attend would negatively impact Plaintiff's playing opportunities for the season.

31.     One email obtained from a parent indicates that the "camp was mandatory for playing time."

32.     Coach Hunek knew how important safety was for the Camp and even requested in writing "as many coaches as possible…[to] assist in watching the boys."

33.     Only six members of the coaching staff were able to stay overnight at the Camp with a team of almost ninety players who were housed on three floors of a dormitory at CWRU.

34.     Despite coach Hunek being unable to obtain adequate supervision for the Camp, he chose to move forward with the camp, prioritizing football over the players' safety.

35.     Despite the obvious lack of adequate supervision for the Camp, the Berea Defendants chose to prioritize a game over the safety of the children they were responsible to protect.

36.     The Berea Defendants failed to provide the children attending the camp or their parents with any means to report abuse.

37.     Neither the Berea Defendants nor CWRU prioritized the safety of the children at the Camp.

38.     Documents obtained from the Berea Defendants show that once the coaches showed up for the Camp, CWRU would have a "quick" session on working with minors "for compliance reasons."

39.     As a result of the negligent and reckless acts and omissions of all Defendants, Plaintiff was subjected to bullying, hazing, harassment, and sexual assault.

40.     The events that occurred at the Camp under the control and supervision of all the Defendants

9

EXHIBIT A

resulted in criminal charges against Williams, Sanchez, and Medina for rape, sexual battery, kidnapping, unlawful restraint, hazing, tampering with evidence, and obstructing justice, under Ohio Revised Code Sections 2907.02(A)(2), 2907.03(A)(1), 2905.01(A)(2), 2905.03(A), 2903.31(B)(1), 2921.12(A)(2), and 2921.31(A)(5).

41.     Even after the horrific events that occurred, the Player Defendants further threatened and intimidated Plaintiff that he would suffer a worse fate if he told anyone.

42.     Williams, Sanchez and Medina then conspired with each other to lie about the events to protect themselves, the other Player Defendants and the Berea Defendants.

43.     The Berea Defendants, including the Coaching Staff, and CWRU were negligent and reckless in numerous aspects of how the Camp was managed, including but not limited to failing to perform bag checks of attendees, failing to perform room checks, failing to make sure the players were in their assigned rooms at night, and failing to supervise the children.

44.     The Coaching Staff's schedule that was prepared in advance does not even show that they planned to do bed checks on two of the nights for the Camp.

45.     Only *after* the events at the Camp did the Berea Defendants institute bag checks.

46.     Only *after* the events at the Camp did the coaching staff recognize that they need to focus on the safety and activities of the children in their care before and after practices and games.

47.     Only *after* the events at the Camp did the district require the coaching staff to take a course about bullying, hazing and inappropriate conduct.

48.     During the Camp, Plaintiff was subjected to bullying, hazing, harassment, and sexual assault as part of a culture of hazing and hazing rituals known by the Berea Defendants.

49.     During the camp and on the night in question, Plaintiff was hanging out with another student when he was approached by Defendants Sanchez and Medina who told Plaintiff to come up to their room to hang out.

10

EXHIBIT A

50.     Once in that dorm room, the Player Defendants told Plaintiff that they intended to penetrate his anus with a sexual/massage device so that he could be initiated.

51.     Plaintiff was told that initiation was mandatory and that he was not able to leave until the act was performed.

52.     The sexual/massage device was placed up against Plaintiff's anus by the Player Defendants. The Plaintiff was told that it did not work right, and it would have to be repeated. Defendant Sanchez then penetrated Plaintiff's anus again with much more force on the second attempt.

53.     Plaintiff attempted to leave and told the Player defendants that he wanted to go and was told that he could not do so but that must stay and assist the Player Defendants by blocking the door.

54.     Plaintiff stayed in the room against his will but instead of blocking the door, he sat on the desk next to the door and watched as 5 or 6 other students were sexually assaulted by the Player Defendants. At no time did he prevent anyone from entering or leaving.

55.     Plaintiff was threatened by the Player Defendants and was told that if he did not stay and block the door, "something much worse" was going to happen to him.

56.     Although Plaintiff was threatened by Player Defendants to block to door, which Plaintiff did not do, he was still retaliated against by the other Defendants.

57.     The Player Defendants took video of the attack on Plaintiff and other victims and circulated the videos amongst themselves and to countless others that were part of the school community, including but not limited to other students.

58.     The Player Defendants then conspired to delete all the evidence of the video from their respective phones.

59.     On the night Plaintiff was attacked by the Player Defendants, the CWRU campus security was notified of numerous disturbances from the dormitory where the Berea football team was staying.

60.     The disturbances reported included, but were not limited to, yelling and screaming of

11

profanities and racial slurs, along with someone urinating out of a dormitory window.

61.     The reported disturbances alone show that the Coaching Staff and the Berea Defendants had no control over the players or the camp, whatsoever.

62.     The reported disturbances alone show that the Berea Defendants, including the Coaching Staff, were either not on site while the above-described events transpired or that they were so negligent and/or reckless that they allowed these events to occur as part of the culture of hazing and abuse.

63.     CWRU was negligent and/or reckless for failing to conduct a proper investigation of the dormitory to locate and/or stop the source of the disturbance.

64.     CWRU was negligent and/or reckless for failing to immediately locate and/or inform the Berea Coaching Staff.

65.     Had CWRU or any of the Coaching Staff attempted to locate the source of the disturbances that were reported by others, they would have gone to the room where Plaintiff and other victims were being held against their will and could have stopped the life altering events that occurred over three nights at the Camp.

66.     During the course of the Camp, there were, at least, eleven different victims with at least one rape, three sexual batteries, and seven abductions, unlawful restraints and hazings.

67.     The Coaching Staff, Berea Defendants, and CWRU failed to have adequate policies to prevent the horrible events that transpired.

68.     The Berea Defendants failed to have adequate training to prevent the horrible events that transpired.

69.     The Coaching Staff, the Berea Defendants, and CWRU failed to properly investigate events that would have lead to the discovery of the above events and possibly prevented them.

70.     CWRU had heightened duties as a provider of temporary housing and/or as an innkeeper to Plaintiff.

12

EXHIBIT A

71. CWRU failed to meet its duties to protect Plaintiff and/or provide a safe environment.

72. To the extent that the Coaching Staff, the Berea Defendants, and CWRU had policies in place that would have prevented the events that transpired the parties responsible for implementing and enforcing such policies failed to follow the same.

73. Internal documents reveal that the Berea Defendants only prioritized the football program but not the safety of the children. For example, internal documents from the District and coaches' emails indicate that coaches were able to receive $600.00 for six hours of coaching ($100.00/hour) but the District and the Board apparently did not allocate any money to pay the coaches to supervise the children.

74. The Berea Defendants were required under the terms of their contract with CWRU to have coaches trained on child abuse, child safety, and sexual misconduct, and have written policies on the same, but the Berea Defendants failed to comply with this requirement.

75. CWRU failed to enforce the foregoing requirements.

76. After the above events came to light, the Berea Coaching Staff refused to cooperate with the police investigation.

77. Despite the Coaching Staff's refusal to cooperate with the police, the District and the Board quickly cleared the coaches of any wrongdoing in a short period of time so that it would not disrupt the football training schedule.

78. After being made aware of the abuse suffered by Plaintiff, as well as at least ten other children, the Berea Defendants, in particular the Coaching Staff and Wheeler, further traumatized Plaintiff by blaming the victims for what happened.

79. After being made aware of the abuse suffered by Plaintiff and other children, the Berea Defendants required Plaintiff and the other players (including other victims) to participate in bullying and hazing training, alongside the assailants (Defendants Williams, Sanchez, and Medina) who just

13

EXHIBIT A

days earlier had kidnapped them, held them against their wills, and physically and sexually assaulted them.

80.     The Berea Defendants were warned against conducting the after-the-fact training in a manner that placed the victims in close proximity to their abusers before it occurred, but the Berea Defendants refused to consider the interests of the children they allowed to be victimized because they were solely focused on getting their precious football program back on schedule.

81.     The Berea Defendants' negligent and reckless conduct continued after the incidents described herein by failing to properly investigate.

82.     The Board and the District failed to discipline a single member of the coaching staff for their obvious failures, all in furtherance of maintaining a football program that was at all times valued above the safety and security of the children it exploits.

83.     The negligent and reckless conduct of the Board, the District and Wheeler was highlighted in Wheeler's hasty public statement issued after the incident in which she focused on protecting the identities of the minor perpetrators, clearing the coaching staff and the upcoming football season.

84.     Wheeler's statement contained the following: "*As we continue to move forward and our football team enters the 2019 season, I hope that our Titan community rallies around the Berea-Midpark Titan football team and the student athletes who proudly wear the blue and orange and compete on the field.*"

85.     In fact, Wheeler never made mention of the victims or their families in her statement.

86.     Rather than immediately suspend the Coaching Staff for the horrible acts that occurred under their supervision, even the school's superintendent was only focused on the 2019 football season, which further harmed the Plaintiff and other victims and further enabled the assailants.

87.     The Berea Defendants were aware of, or tacitly acknowledged, a culture of abuse, hazing, bullying and assault, which directly and proximately resulted in significant physical and emotional

14

EXHIBIT A

injury to Plaintiff.

88.  Plaintiff was further subjected to bullying, hazing, harassment, retaliation, and other unlawful conduct from one or more of the Berea Defendants and Player Defendants.

89.  This case is brought, *inter alia,* pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff's rights as secured by the United States Constitution.

90.  This case contains causes of action for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Ohio state law claims of willful and wanton conduct, intentional infliction of emotional distress, and other causes of action against the Defendants.

91.  The subject hazing ritual, sexual assault, and subsequent retaliation against Plaintiff discussed in this complaint are a form of bullying and have been part of the culture of the Berea Midpark Football Team for years. The teams' coaches have either sanctioned these rituals or turned a blind eye toward them, while other school officials turned a blind eye toward the abuse, even after the abuse was reported to them.

92.  Further, Plaintiff was forced to endure bullying, harassment, abuse, sexual assault, and retaliation amounting to verbal abuse, threats of physical violence, academic retaliation and bullying by members of Berea City School District's staff, administration, and student body.  Defendants knew of these instances of abuse, threats, and retaliation long before the filing of this Complaint.

93.  The Coaching Staff, as coaches and teachers for the District, had a duty, *inter alia,* to supervise, and protect the physical safety of, students at Berea City School District at all times, including a duty to report allegations of sexual abuse under Ohio law.

94.  The other Defendants have the same duty under Ohio law to report incidents such as those described in this Complaint.

95.  The Berea Defendants also had a duty, the ability, and the authority to take corrective action

15

EXHIBIT A

on behalf of the district to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

96.     The Berea Defendants failed to report these issues or take corrective action over the years, culminating in the events described in this Complaint.

97.     CWRU had a duty to supervise and protect the physical safety of the children at the Camp at all times. This includes a duty to report any allegations of sexual abuse under Ohio law.

98.     The Coaching Staff endorsed and did nothing to end the custom, tradition, or practice of assaulting vulnerable team members in a sexual manner that existed prior to the events described herein.

99.     The Coaching Staff perpetuated the custom, tradition, or practice of engaging in hazing of a sexual nature and assaulting vulnerable team members in a sexual manner by allowing these assaults to continue despite having knowledge of them.

100.    Despite numerous other individuals being involved in the hazing and assault against Plaintiff, the Coaching Staff, District and the Board took no action against the other team members who were involved but were not criminally charged.

101.    The Berea Defendants and the Coaching Staff were so indifferent to the victims that they allowed players who were involved in the attack on Plaintiff and ten other players to stay with the team and suffered no negative disciplinary or other consequences.

102.    The District and the Board failed to conduct a proper or thorough investigation against the Coaching Staff and/or monitor the Coaching Staff.

103.    Despite the clear failings by allowing eleven children to be bullied, hazed, and/or assaulted, the District and the Board took no action whatsoever against the Coaching Staff.

104.    The Berea Defendants knew or should have known that bullying and hazing was so prevalent that unwilling participants were forced to take part in acts that were assaultive, illegal, and sexual in

16

EXHIBIT A

nature.

105.    Defendants knew or should have known that their failure to properly supervise practices, football camps, school-sponsored events, common areas, school grounds and classrooms of Berea City School District posed a high probability of serious harm to students, including Plaintiff.

106.    The Berea Defendants acted with reckless indifference or conscious disregard to the hazing, bullying, abuse, sexual assault and retaliation experienced by Plaintiff.

107.    Defendants recklessly or consciously disregarded the substantial risks posed by not supervising practices, football camps, school-sponsored events, common areas, school grounds and classrooms of Berea City School District, including but not limited to the risks that Plaintiff would suffer various forms of harm and be the victim of criminal conduct.

108.    As a direct and proximate result of the negligent, intentional, reckless, willful and/or wanton acts and omissions of the Defendants, Plaintiff has suffered and will continue to suffer physical damages, substantial interference with Plaintiff's past, present and future academic performance and ability to benefit from school services, severe emotional distress and related economic damages.

### COUNT I - R.C. § 2307.60 (As to Williams, Medina, and Sanchez)

109.    Plaintiff incorporates by reference all preceding paragraphs.

110.    Defendants' conduct described herein constitutes crimes, for which Defendants have previously been prosecuted.

111.    Defendants have previously plead guilty to one or more of the crimes related to their actions against Plaintiff, including but not limited to one or more crimes constituting felonies and/or misdemeanor involving violence.

112.    As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered damages as described above.

113.    Plaintiff is entitled to a civil remedy in the form of damages arising from Defendants' crimes

17

EXHIBIT A

pursuant to Ohio Revised Code Section 2307.60, including but not limited to all civil damages, the costs of maintaining this action and attorney's fees, and punitive or exemplary damages.

### COUNT II – SEXUAL BATTERY (as to the Player Defendants)

114.   Plaintiff incorporates by reference all preceding paragraphs.

115.   Defendants' conduct described herein constitutes unlawful sexual battery.

116.   As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered damages and will continue to suffer damages in excess of $25,000.00 to be more particularly determined at trial.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117.   Plaintiff incorporates by reference all preceding paragraphs.

118.   Defendants' conduct described herein was extreme and outrageous.

119.   Defendants' conduct intentionally and/or recklessly caused serious emotional distress to Plaintiff.

120.   As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered damages and will continue to suffer damages in excess of $25,000 to be more particularly determined at trial.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

121.   Plaintiff incorporates by reference all preceding paragraphs.

122.   Defendants' conduct described herein was negligent.

123.   Defendants' conduct negligently caused serious emotional distress to Plaintiff.

124.   As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered damages and will continue to suffer damages in excess of $25,000 to be more particularly determined at trial.

Electronically Filed 10/14/2022 13:01 /  / CV 22 970034 / Confirmation Nbr. 2677267 / CLJSZ

EXHIBIT A

## COUNT V – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983: SUBSTANTIVE DUE

## PROCESS (As to the Berea Defendants)

125.    Plaintiff incorporates by reference all preceding paragraphs.

126.    Plaintiff has a clearly established right to equal access to all benefits and privileges of a public education and a right to be free from said illegal practices and policies.

127.    At all relevant times the Berea Defendants, including the District, Board, Coaching Staff, and its employees, were acting under color of state law.

128.    The actions and omissions of the Defendants, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

129.    As a result of Defendants' actions, Plaintiff suffered a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the Defendants.

130.    The District's written policies and procedures, undertaken to implement and comply with Ohio laws regarding bullying and hazing, establish a minimum standard of conduct for District employees, including the Coaching Staff, Athletic Directors, the Board, and other employees.

131.    The District and its agents and employees failed to comply with such laws and its own policies, including but not limited to prohibiting the conduct that occurred, and investigating the same promptly and thoroughly.

132.    The Coaching Staff failed to report the incidents to the District of the Board, as well as any other police agency, in a timely manner or at all.

133.    The students who were involved with the hazing, harassment, bullying, abuse, and other unlawful treatment were not subject to adequate disciplinary measures.

134.    Investigations into the allegations by Plaintiff were not promptly initiated by the agents

19

EXHIBIT A

and/or employees of the District.

135. Students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of Plaintiff were allowed to continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand.

136. Other than Defendants Williams, Medina and Sanchez, none of the other students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Plaintiff and the other victims were removed from the football team as a result of the hazing, harassment, bullying, abuse, and other unlawful treatment.

137. None of the Coaching Staff, who knew or should have known of the hazing, harassment, bullying, abuse, and other unlawful treatment were disciplined or removed from their positions as teachers or coaches.

138. District policy, and thereby Ohio law, was not followed at the District during Plaintiff's attendance and was not followed in the case of the hazing, harassment, bullying, abuse, sexual assault and other unlawful treatment of Plaintiff. In this action and omission, the Defendants were deliberately indifferent to Plaintiff and his subsequent deprivation of rights.

139. Ohio law was not followed by Defendants in that they did not inform the authorities or administration of the occurrence of hazing and/or abuse properly or in a timely manner.

140. Defendants disregarded the substantial risks that actions were perpetrated against Plaintiff that would constitute criminal acts under Ohio law.

141. Defendants' deliberate indifference to Plaintiff's safety, District policy, and the law demonstrates an obvious need for training regarding hazing, harassment, bullying, and discipline, reporting obligations, supervision, policy and legal requirements.

EXHIBIT A

142.    The District's, Wheeler's, Howard's and Adams's failure to supervise, discipline, reprimand, or terminate the Coaching Staff manifested to teachers, staff, coaches, and students that they could act with impunity toward Plaintiff and other victims.

143.    The District's, Wheeler's, Howard's and Adams's failure to supervise, discipline, reprimand, or terminate the Coaching Staff, despite its tacit endorsement of a culture of hazing, bullying abuse and assault, manifested to coaches, students, teachers and staff that they could act with impunity toward Plaintiff.

144.    Defendants had a duty to observe, supervise, and protect Plaintiff during school-sponsored events, football practices, football camps (including the subject Camp), including but not limited to events on school grounds, in class, and while at Berea City School District. They failed to fulfill these duties.

145.    As a direct and proximate result of the acts and omissions set forth above, Plaintiff suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

146.    As a direct and proximate result of the acts and omissions set forth above, Plaintiff suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

## COUNT VI - CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983: EQUAL PROTECTION

147.    Plaintiff incorporates by reference all preceding paragraphs.

148.    The Coaching Staff at all relevant times was acting under color of state law.

21

EXHIBIT A

149.    The above actions by the Coaching Staff Defendants have resulted in the denial of equal protection rights, as a "class of one," all in violation of the Fourteenth Amendment to the United States Constitution, as Plaintiff was retaliated against, harassed, bullied, and intimidated, all against his will, and differently than those similarly situated students.

150.    The actions of Defendants were the result of personal animus against Plaintiff and said actions and denials were taken without any rational basis.

151.    By reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the Constitutional rights of Plaintiff and other similarly situated students, all in violation of his Constitutional rights.

152.    By reason of the aforesaid actions, Plaintiff suffered actions that were not inflicted upon other students.

153.    Plaintiff was intentionally treated differently from the rest of his peers and there was no rational basis for the different treatment, including being subjected to hazing, harassment, bullying, retaliation, and sexual assaults by other students.

154.    The Coaching Staff Defendants did not take adequate action to prevent or deter the conduct complained of herein.

155.    The District purports to follow a policy, outlined in its handbook, of zero tolerance for harassment or bullying of any kind during any school-sponsored program or activity on school property.

156.    The District's written policies and procedures, undertaken to implement and comply with Ohio law, establish a minimum standard of conduct for District employees, including the Coaching Staff Defendants.

157.    The District failed to comply with its own policies to prohibit, promptly investigate, and discipline the conduct described herein.

22

EXHIBIT A

158.    Students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of Plaintiff were allowed to continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand.

159.    Other than Williams, Sanchez and Medina, none of the students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Plaintiff were removed from the football team as a result of the hazing, harassment, bullying, abuse and other unlawful treatment.

160.    None of the Coaching Staff were disciplined for the acts and omissions described herein.

161.    District policy was not being followed at Berea City School District during Plaintiff's attendance and was not followed in the case of Plaintiff's hazing, harassment, bullying, abuse, and other unlawful treatment. In this action and omission, the Berea Defendants were deliberately indifferent to Plaintiff and his subsequent deprivation of rights.

162.    The Berea Defendants' deliberate indifference to Plaintiff's safety and District policy demonstrates an obvious need for training regarding hazing, harassment, bullying, discipline, reporting obligations, and supervision.

163.    The Berea Defendants' failure to supervise, discipline, reprimand or terminate the coaching staff manifested to teachers, staff, coaches, and students that they could act with impunity toward Plaintiff.

164.    Defendants had a duty to observe, supervise, and protect Plaintiff during school-sponsored events, and in classroom and while on school grounds and they failed to do so.

165.    As a direct and proximate result of the acts and omissions set forth above, Plaintiff suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

Electronically Filed 10/14/2022 13:01 / / CV 22 970034 / Confirmation Nbr. 2677267 / CLJSZ

EXHIBIT A

166.   As a direct and proximate result of the acts and omissions set forth above, Plaintiff suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

### COUNT VII - CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 (MONELL CLAIM)

167.   Plaintiff incorporates by reference all preceding paragraphs.

168.   The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy and widespread custom of not supervising, monitoring or protecting students during football practices, football camps, while attending school-sponsored events, while in the classroom or while on school property at Berea City School District and subsequently not reporting, sufficiently investigating or disciplining harassment, hazing, assault, sexual assault and bullying that occurs.

169.   This *de facto policy* and widespread custom of Defendant District is implemented by Wheeler, Adams, Howard and the Coaching Staff Defendants, all acting under the color of law, who chose to violate Plaintiff's Constitutional rights, without rightful authority of law.

170.   The existence of the *de facto* policy and widespread custom described above has been known or should have been known to supervisory and policy making officers and officials of the District for a substantial period of time.

171.   Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the District, the District and the Board have not taken steps to determine said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in said practices, have not effectively trained the Coaching Staff with regard to the proper Constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

24

EXHIBIT A

172.    Plaintiff has a clearly established right to equal access to all benefits and privileges of a public education and a right to be from offensive harassment in school.

173.    The District's written policies and procedures, undertaken to implement and comply with Ohio law establish a minimum standard of conduct for the District's employees, including Wheeler, Adams, Howard, and the Coaching Staff Defendants and the District purports to follow a policy, outlined in the handbook, that requires prompt reporting and investigation of the matters described herein, as well as disciplinary action.

174.    District policy was not followed by the District employees and the Berea Defendants created, and allowed the existence of, the culture of hazing, harassment, bullying and sexual assault that victimized Plaintiff and others.

175.    The Coaching Staff failed to report the events described herein.

176.    The students who were involved with the hazing, harassment, bullying, abuse, and other unlawful treatment were not subject to adequate disciplinary measures.

177.    Investigations into the allegations by Plaintiff were not promptly initiated by the agents and/or employees of Defendant District.

178.    Students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of Plaintiff were allowed to continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand.

179.    Other than Williams, Sanchez and Medina, none of the students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Plaintiff were removed from the football team as a result of the hazing, harassment, bullying, abuse and other unlawful treatment.

180.    Bullying reports were not addressed in any way, and students threatened and retaliated against Plaintiff and other students who had reported the bullying and hazing.

Electronically Filed 10/14/2022 13:01 / / CV 22 970034 / Confirmation Nbr. 2677267 / CLJSZ

EXHIBIT A

181.   The coaching staff, who knew or should have known of the hazing, harassment, bullying, abuse, and other unlawful treatment were not disciplined or removed from their positions as coaches or teacher.

182.   Defendants disregarded the substantial risks that actions perpetrated against Plaintiff would constitute criminal acts under Ohio law and in this action and omission Defendants were deliberately indifferent to Plaintiff and his subsequent deprivation of rights.

183.   District policy was not followed at Berea City School District during Plaintiff's attendance and was not followed in the case of Plaintiff's hazing, harassment, bullying, abuse, sexual assault and other unlawful treatment, and in this action and omission Defendants were deliberately indifferent to Plaintiff and his subsequent deprivation of rights.

184.   Defendants' deliberate indifference to Plaintiff's safety and well-being and District policy demonstrates an obvious need for training regarding hazing, harassment, bullying, discipline, reporting obligations, and supervision during athletic games, practices, camps, school-sponsored extracurricular activities and in classrooms.

185.   That the above actions and omissions by Defendants were deliberate and intentional and have resulted in violations of Plaintiff's rights to due process and equal protection, all in violation of the Fourteenth Amendment to the United States Constitution.

186.   By reason of the aforesaid actions, Defendants actions exhibit deliberate indifference to and/or reckless disregard for the Constitutional rights of Plaintiff and other similarly situated students, all in violation of his Constitutional rights.

### COUNT VIII – VIOLATIONS OF R.C. 2151.421 (As to the Berea Defendants)

187.   Plaintiff incorporates by reference all preceding paragraphs.

EXHIBIT A

188.   Defendants had a non-delegable duty under R.C. 2151.421 to report the events that happened at the Camp.

189.   Defendants were aware of the events at the Camp and failed to investigate and/or report the events and/or failed to report the events in a timely manner.

190.   Because Defendants, in their individual and official capacities intentionally, recklessly, willfully, and wantonly breached their non-delegable duties under R.C. 2151.421, these defendants are not entitled to any immunity that may otherwise be available to them under Ohio law.

191.   As a direct and proximate result of the Defendants acts and omissions, Plaintiff has suffered and will continue to suffer damages more than $25,000.00 to be more particularly determined at trial.

## COUNT IX – VIOLATIONS OF R.C. 2903.31

192.   Plaintiff incorporates by reference all proceeding paragraphs.

193.   Defendants' actions were in violation of Ohio's Anti-Hazing Statute set forth in R.C. 2903.31 and were there for violations of law pursuant to said statute.

194.   As a direct and proximate result of the Defendants acts and omissions in violation of said statute, Plaintiff has suffered and will continue to suffer damages in excess of $25,000, to be more particularly determined at trial.

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants for compensatory damages more than $25,000. Further, because Defendants' conduct was intentional, malicious, and/or with reckless disregard for the welfare of Plaintiff, Plaintiff respectfully demands punitive damages. Plaintiff also respectfully demands reasonable attorney's fees, costs, and all other relief to which Plaintiff may be lawfully entitled under all applicable state and federal law.

27

EXHIBIT A

Respectfully submitted,

/s/ *Michael J. Feldman*
Michael J. Feldman (0039062)
Zachary H. Feldman (0096797)
Lallo & Feldman CO, LPA
4230 State Route 306 Suite 240
Willoughby, Ohio 44094
Telephone: 440-953-0362
Fax: 440-953-1427
E-mail: Mfeldman@lallofeldman.com
*Attorneys for Plaintiff*

28

**EXHIBIT A**

**JURY DEMAND**

Plaintiff hereby demands trial by jury of Plaintiff's peers as to all issues so triable herein.

/s/ *Michael J. Feldman*
Michael J. Feldman (0039062)

EXHIBIT A